# EXHIBIT 2

AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| MATT LARSON, | § | |
| | § | |
| Claimant, | § | |
| | § | |
| vs. | § | CASE NO. 01-18-0002-1348 |
| | § | |
| CONN APPLIANCES, INC. | § | |
| | § | |
| Respondent | § | |

# RULING ON MOTION FOR SUMMARY JUDGMENT AND ARBITRATION AWARD

I, Paulo Flores, the arbitrator in the above captioned arbitration case, having been appointed in a manner consistent with the Parties' agreement, having considered the competing Motions for Summary Judgment filed by both Parties to this case, make the following Ruling and Award in accordance with the Consumer Rules of the American Arbitration Association.

1.  On January 20, 2016, Angela Larson, wife of Matt Larson (hereinafter "Claimant"), entered into a Retail Installment Contract (the "Contract")[1] with Conn Appliances, Inc. (hereinafter "Respondent"). The Contract provided that Respondent could contact Angela Larson at the telephone number that she provided, which was Claimant's cellular phone number.

2.  Calls to Claimant's cell number from Respondent's Noble Systems Corporation ("Noble") phone system began soon thereafter, on February 17, 2016.[2] On April 26, 2016, Claimant clearly revoked any consent that may have existed for Respondent to call Claimant's cell number.[3]

---

[1] Exhibit 1 to Claimant's Motion for Summary Judgment (hereinafter "Claimant's MSJ").
[2] Exhibit 2 to Claimant's MSJ.
[3] Exhibits 3 and 4 to Claimant's MSJ. Respondent, in its Response to Claimant's MSJ, alleges there is a fact issue as to Claimant's revocation of consent. There is none – the following statements by Claimant indicate a clear revocation of consent as a matter of law: "I just don't want to receive any more calls from you guys right now" (to which the Conn's agent, Ebony, responded: "Okay, no problem, I can go ahead and um, take your number off of the list.") Then, on the very next Conn's call: "This is the second time I have requested you guys to take my number off your call list," followed by a litigation threat if Conn's called again.

3. Despite telling Claimant on April 26, 2016 that it would take Claimant's, "number off of the list,"[4] Respondent systemically and repeatedly called Claimant on Claimant's cell phone over 240 more times over the ensuing five-week period.[5]

4. Claimant brought the present action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. 227, *et seq* (hereinafter the "TCPA"), arguing that Respondent violated the TCPA by repeatedly calling his cellular telephone number after Claimant had revoked consent to be called.

5. The Arbitrator finds that the system used by Respondent was an Automatic Telephone Dialing System ("ATDS") under the TCPA, both under the definition under the TCPA, and under the FCC's 2003 and 2008 orders.[6] Based upon the summary judgment evidence and the legal authority before me, I find that Respondent's Noble system falls under the definition of an ATDS under the TCPA.

6. Respondent violated the TCPA by making 249 calls through an ATDS to Claimant, after Claimant revoked his consent on April 26, 2016.

7. When Claimant withdrew his consent, Respondent stated: "Okay, no problem, I can go ahead and um, take your number off of the list." Nevertheless, starting with the very next day, at which time Claimant again stated to Respondent that he no longer wanted to receive calls from Respondent, and over the ensuing five weeks, Respondent continued to call Claimant – a total of 249 times. The summary judgment materials filed by Respondent itself show Respondent involved in numerous arbitrations over this issue. Even if these were resolved, on their specific facts, in favor of Respondent, Respondent clearly knew that nationwide there were people taking the position that its actions were in contravention to the TCPA. In this particular case, the calls were not even to the Respondent's customer, as Claimant informed

---

[4] Exhibit 4 to Claimant's MSJ.
[5] Exhibit 2 to Claimant's MSJ.
[6] The Arbitrator acknowledges that there is case law, as there appears to be on almost every issue under the TCPA, falling on both sides of this issue; *i.e.*, there is case law holding the *ACA International* case overruled all prior FCC decisions regarding the definition of an ATDS, and case law holding it did so only as to the FCC's 2015 ruling, and did not affect the prior FCC definitions. I believe the latter position to be the stronger, better reasoned position.

Respondent on April 27, 2017, when he revoked his consent for the second time.[7] Based on the foregoing, I find that Respondent's violation of the TCPA was willful and knowing, allowing for a statutory trebling of damages, to $1,500 per violation.

8. Accordingly, I hereby award Claimant the sum of $373,500.00, against Respondent, as its statutory damages under the TCPA.[8]

9. The administrative fees of the American Arbitration Association, totaling $1,900.00, and the arbitrator's compensation, totaling $2,500.00, shall be borne as incurred.

10. Respondent shall have thirty (30) days from the date of this Award to deliver the awarded funds to Claimant, after which date, such amounts shall bear post-award interest at the rate of five percent (5%) per annum.

This Award is in full settlement and resolution of all claims and counterclaims in this arbitration. All claims not expressly granted are hereby, denied.

IT IS SO ORDERED, this 15th day of May, 2019.

Paulo Flores
Arbitrator

---

[7] Exhibit 4 to Claimant's MSJ.
[8] $1,500 x 249 = $373,500.

---