**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| MATT LARSON,<br>Plaintiff, | §<br>§ | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:16-cv-706-Y |
| CONN APPLIANCES, INC.,<br>Defendant. | §<br>§ | |
| | § | |

**DEFENDANT'S RESPONSE TO MOTION TO REOPEN AND CROSS-MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, WITH BRIEF IN SUPPORT**

Nolan C. Knight
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201

Michael A. Harvey
MUNSCH HARDT KOPF & HARR, P.C.
700 Milam, Ste. 2700
Houston, Texas 77002

Claimant Matt Larson ("Mr. Larson") admits: (1) he is a citizen of Texas, (2) Defendant Conn Appliances, Inc. ("Conn Appliances") is a citizen of Texas, (3) the underlying dispute involves a purchase transaction that occurred in Texas, and (4) his claim for relief relates to calls made to Mr. Larson while he was in Texas. All such activities are "intrastate" in character.

The underlying dispute between Conns Appliances and Mr. Larson (collectively, the "Parties") consequently does not implicate "a transaction involving commerce" as required by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2. Mr. Larson nevertheless invokes the FAA as purported grounds to enforce an arbitration "Award."

Under the averred facts, the FAA does not authorize this Court to resolve the enforceability of, or challenges to the Award. Mr. Larson therefore has failed to state a claim upon which relief may be granted, and his claim for relief should be dismissed.

## I. SUMMARY OF GROUNDS FOR RELIEF

1) The FAA applies only to: "A written provision in any maritime transaction or a contract evidencing a transaction *involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . ." 9 U.S.C. § 2 (emphasis added).

2) Although this requirement has nominal practical consequence at prior stages of arbitration proceedings, given "choice-of-law" principles enable the parties to specify whatever law the wish to apply to an arbitration agreement, *see generally Ford v. Nylcare Health Plans*, 141 F.3d 243, 247 – 48 (5th Cir. 1998)—that is not the case when parties seek enforcement of an arbitration award.

3) In that context, parties' choice of law cannot control, because the issue instead becomes whether judicial review can be conducted pursuant to a lawful delegation of power from Congress. *See id*. at 248, n.6 ("The jurisdiction of the federal courts is generally a matter for Congress to decide, not private parties or state law. Recognizing this principle, [this] court

[has] held that 'the FAA governs judicial review of arbitration proceedings notwithstanding any choice of law provision or state law to the contrary.'") (quoting *Atlantic Aviation, Inc.* v. EBM Group, Inc., 11 F.3d 1276, 1280 (5th Cir. 1994)).[1]

4) At the post-arbitration, enforcement stage, a substantive nexus to "commerce" dictates whether or not the FAA applies, and federal jurisprudence defines "commerce" to be inclusive of otherwise "intrastate" activity, only if "the parties engaged in the performance of contract activities are citizens of *different* states, where such a contract involves *interstate* travel of both personnel and payments." *Atlantic Aviation v. EBM Group*, 11 F.3d 1276, 1280 (5th Cir. 1994) (emphasis added).

5) Mr. Larson has not averred, nor could he plausibly aver the Parties are from different states or the contractual relationship that gave rise to this dispute included "interstate travel of both personnel and payments."

6) He consequently cannot plausibly assert the FAA as grounds to seek enforcement of the arbitration Award.

7) By nonetheless relying solely on the FAA as the basis for relief sought in his "Motion to Reopen the Case and Confirm Arbitration Award" ("Motion to Confirm," Doc. 29), he has failed to state a claim upon which relief can be granted, and his claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

[1] The "jurisdiction of the federal courts" in this context should not be understood as a reference to constitutional Article III jurisdiction, but a reference to Article I limits on Congress's powers. The statutory scheme for judicial review in the FAA would not be a lawful exercise of Congress's powers absent a nexus to "commerce." *Cf.* n.5 *infra*.

## II. FACTUAL BACKGROUND

### A. The Facts Giving Rise to Arbitration

8) Mr. Larson admits his wife, Angela Larson ("Mrs. Larson"), entered into a Retail Installment Contract with Conn Appliances at a Hurst, Texas location—whereby she financed the purchase of consumer goods. (Doc. 29, Page 1 of 6, ¶ 1; Doc. 29-1).

9) He further admits he, his wife, and Conn Appliances are citizens of Texas, and the disputed events occurred in Texas. (Doc. 29, Page 3 of 6, ¶ 13; Doc. 29-1).

10) In particular, at the time she executed the Retail Installment Contract, Mrs. Larson provided Conn Appliances with a San Antonio, Texas telephone number that belonged to her husband—(210) XXX-8282—and Conn Appliances began calling that number in February 2016 because the account was past due. (Doc. 29, Page 1 of 6, ¶ 3 & Page 3 of 6, ¶¶ 16, 18; Doc. 29-1).

11) Mr. Larson admits he was "present within this judicial district . . ." when he received the calls. (Doc. 29, Page 3 of 6, ¶ 16). *See also* (Doc. 29, Page 3 of 6, ¶ 13; Doc. 29-1) (specifying a North Richland Hills, Texas address for Mr. and Mrs. Larson).

12) Mr. Larson brought this suit claiming the calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A), and he eventually submitted the dispute to arbitration. (Doc. 26; Doc. 27).

### B. The Arbitration

13) The pertinent provision of the TCPA provides as follows:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any *automatic telephone dialing system* . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A) (emphasis added).

14) The TCPA defines an "automatic telephone dialing system" as only "equipment which has the capacity--(A) to store or produce telephone numbers to be called, *using a random or sequential number generator*; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1) (emphasis added).

15) The arbitrator's principal task therefore was to resolve whether or not Conn Appliances utilized an automatic telephone dialing system ("ATDS") in a prohibited manner, when it called Mr. Larson.

16) Conn Appliances proved it did not violate the TCPA, principally because its system, known as a "Noble Dialer," could *not* "randomly or sequentially" generate and dial such numbers as required by the plain language of the TCPA.

17) Mr. Larson, by contrast, contended the statutory language notwithstanding—he purportedly had no obligation to prove Conn Appliances used a random or sequential number generator: "Conn will argue. . . that the only type of devices that qualify as an ATDS are those that can dial numbers that are randomly or sequentially generated by that device, which the Noble Dialer *cannot do*." *See* (Appendix in Support, p. 002 [Except from Larson Motion for Summary Judgment]) (emphasis added).

18) Over Conn Appliances' vigorous objection, as well as briefing regarding applicable legal principles, the arbitrator disregarded the plain language of the TCPA and issued an award in favor of Mr. Larson on May 15, 2019. (Doc. 29-2).

19) The arbitrators' ruling was incorrect for reasons not before this Court for purposes of this Rule 12(b)(6) submission.[2]

---

[2] In the event Mr. Larson asserts a claim to enforce the Award based on proper legal authority, his claim should fail. The sole identifiable court within this circuit to directly address the functional characteristics of an ATDS, held a

20) Conn Appliances instead herein moves to dismiss Mr. Larson's claim, because Mr. Larson admits the Parties dispute is entirely of an "intrastate" character, yet invokes the FAA as the purported mechanism to adjudicate whether or not the arbitration Award is enforceable.

21) This is improper.

## III. MR. LARSON HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### A. 12(b)(6) Standard[3]

22) Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a cause of action that fails "to state a claim upon which relief can be granted."

23) A plaintiff must aver specific facts, not mere conclusory allegations, to avoid dismissal. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

24) Indeed, the plaintiff must aver "enough facts to state a claim to relief that is plausible on its face," and his "factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

---

claimant must aver a caller "randomly *generated* . . . cellular . . . phone numbers with an automatic telephone dialing system . . . ." *Saragusa v. Countrywide*, Civil Action No. 14-2717, 2016 U.S. Dist. LEXIS 34544 *11 – 12 (E.D. La. March 17, 2016) (emphasis added). Despite the plain language of the TCPA, coupled with the holding in *Saragusa*, the arbitrator made a "gross mistake" and "manifestly disregarded the law" by ruling in favor of Mr. Larson. Conduct of the kind remains a viable defense to an arbitration award when, as the case here, the FAA does *not* apply. Accordingly, Conn Appliances shall raise this and related matters in the event Mr. Larson initiates and pursues an appropriate enforcement action.

[3] The mechanism by which a claimant initiates an action to confirm an arbitration award is by "motion," as opposed to "pleading." *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions . . . ."). Conn Appliances has found no authority that excepts motions of the kind from the Rule 12(b)(6) obligation to plausibly state claims upon which relief may be granted. Indeed, by its express terms, although Rule 12(b)(6) commonly is implicated in the context of pleadings—it is not so limited: "A motion asserting any of these defenses must be made before pleading *if* a responsive pleading is allowed." FED. R. CIV. P. 12(b) (emphasis added). The Rule 12(b)(6) principles therefore are applied accordingly.

25) The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." 127 S.Ct. at 1955. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference . . ." that asserted claims have a basis in law and fact. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

26) In considering a motion to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

27) "Where the allegations in the complaint are contradicted by facts established by documents attached as exhibits . . ., the court may properly disregard the allegations." *Martinez v. Reno*, No. 3:97-CV-0813-P, 1997 U.S. Dist. LEXIS 20364, at *5 (N.D. Tex. Dec. 15, 1997) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *accord Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

**B. Mr. Larson's Averments are Legally Deficient**

28) Mr. Larson has not averred or implied the Parties' relationship arises by virtue of a "maritime transaction, *cf.* 9 U.S.C. § 2; accordingly, the FAA could apply in this enforcement proceeding *only* if the Parties' relationship involves "commerce."

29) The FAA defines "commerce" to be coextensive with the concept of interstate commerce, i.e.: "commerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any State or foreign nation, or between the District of Columbia and any State or Territory or foreign nation . . . ." 9 U.S.C. § 1.

30) As discussed above, federal jurisprudence construes this definition to include otherwise intrastate activity, only if "the parties engaged in the performance of contract activities are citizens of *different* states, where such a contract involves interstate travel of both personnel and payments." *Atlantic Aviation*, 11 F.3d at 1280 (emphasis added).

31) The metric for assessing commerce moreover is the substance of parties' interaction—irrespective of what they may or may not have contemplated at the time of contracting: "we accept the 'commerce in fact' interpretation, reading the Act's language as insisting that the 'transaction' *in fact* 'involve' interstate commerce, even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995) (emphasis added).

32) For this reason, courts do not elevate form over substance when assessing whether the FAA applies, nor could they with respect to the scope of judicial review of an arbitration award, given the FAA operates as a limit on judicial authority in that regard. A court instead must consider the nature of the parties' interaction. *Cf.* 11 F.3d at 1279 – 80 (looking to the substance of the parties' interaction to assess whether the FAA, or alternative arbitration principles applied, irrespective of the language in the parties' arbitration agreement).[4]

33) Here, the Retail Instalment Contract executed by Mrs. Larson (which is attached to the Motion to Confirm) specified a Texas address, the telephone number she provided Conn Appliances was a Texas number, she and Mr. Larson are citizens of Texas, Conn Appliances also is a citizen of Texas, and Mr. Larson admits he was in Texas when he received all of the calls that were the bases for his TCPA claim and the Award.

[4] In light of this principle, it is immaterial the arbitration provision in the Retail Installment Contract refers to the FAA. That "choice-of-law" election was competent to govern the proper initiation of the arbitration process, but cannot supplant the separate post-arbitration inquiry regarding FAA enforcement authority, which is contingent on an actual nexus to commerce.

34) He has not averred any facts that would enable this Court to plausibly infer an interstate nexus of some kind.

35) He therefore has not plausibly averred a basis for the FAA to govern this enforcement action.[5]

36) He consequently has not averred a proper basis to reopen this matter, and his claim should be dismissed.

## IV. CONCLUSION

WHEREFORE, Plaintiff Conn Appliances, Inc. respectfully requests this Court deny Claimant Matt Larson's Motion to Reopen the Case and Confirm Arbitration Award; grant Conn Appliances, Inc.'s Motion to Dismiss; and grant Conn Appliances all other relief to which it may be entitled.

[5] Federal subject matter jurisdiction, as averred by Mr. Larson, *cf.* (Doc. 29, Page 3 of 6, ¶ 12), *cannot* be confused with the separate inquiry whether the arbitrated dispute implicates interstate commerce. Irrespective of subject matter jurisdiction, the FAA imposes the additional requirement that a court cannot enforce an award pursuant to the grant of authority in the FAA, unless the substantive dispute involved commerce: "whether the dispute demonstrates a nexus to commerce sufficient to fall within the scope of the FAA is a *separate* inquiry from the existence of either diversity of citizenship or a federal question adequate to confer federal subject matter jurisdiction. . . . [Plaintiff]'s attempt to establish a federal question based on a vague connection to 'interstate commerce' is entirely unavailing. [Plaintiff] conflates the requirement of a nexus with commerce to invoke the FAA with the *independent* 'federal question' requirement necessary to establish subject matter jurisdiction." *Ball v. Stylecraft Homes, LLC*, 564 Fed. Appx. 720, 722 (4th Cir. 2014) (emphasis added).

Respectfully submitted,

/s/  Nolan C. Knight
Nolan C. Knight
   TX Bar No. 24027125
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard
Dallas, Texas 75201
E-mail: nknight@munsch.com
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

Michael A. Harvey,
   TX 00797164
MUNSCH HARDT KOPF & HARR, P.C.
700 MILAM, STE. 2700
HOUSTON, TEXAS 77002
Email: mharvey@munsch.com
E-mail: cjordan@munsch.com
Telephone: (713) 222-1470
Facsimile: (713) 222-1475

**COUNSEL FOR DEFENDANT CONN APPLIANCES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2019, I electronically submitted the foregoing document with the clerk of the court for the United States District Court for the Northern District of Texas, using the electronic case files system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to the following individuals who by rule have consented to accept this Notice as service of this document by electronic means:

Jody B. Burton, Esq.
Lemberg Law, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
E-mail: jburton@lemberglaw.com

/s/ Nolan C. Knight